IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| SUNDAY QUINCY USOH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE GEO GROUP, et al.,<br><br>　　　　Defendants. | CIVIL ACTION NO.: 5:23-cv-48 |

**O R D E R**

Plaintiff filed this action under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).  Doc. 1.  This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A.  For the reasons stated below, I **DISMISS without prejudice** Plaintiff's Fifth Amendment and Fourteenth Amendment due process claims.  Additionally, I **DENY** Plaintiff's Motion to Add Party and his Motion Requesting Summonses.  Docs. 7, 13.  However, I **FIND** that one of Plaintiff's claims may proceed.  Specifically, the Court will direct service, by separate Order, of Plaintiff's Eighth Amendment deliberate indifference claim against Defendant Lt. Lewis.[1]

**PLAINTIFF'S CLAIMS**[2]

Plaintiff brings this claim under Bivens, alleging constitutional violations committed by Defendants while Plaintiff was held as a detainee at the Folkston Immigration and Customs

---

[1]　Plaintiff has consented to the undersigned's plenary review.  Doc. 4.

[2]　All allegations set forth here are taken from Plaintiff's Complaint.  Doc. 1.  During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true."  Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

Enforcement ("ICE") Processing Center.  Doc. 1.  First, Plaintiff alleges Defendants misplaced his address book and other personal property when transporting him to a different housing unit on April 26, 2023.  Id. at 2–3.  Plaintiff alleges Defendants did not follow the appropriate procedures for inventory property check and either misplaced or threw away his address book, which contained financial and legal information.  Id. at 4.  Plaintiff filed a grievance requesting his property and received a response stating Defendants were interviewed and they did not have Plaintiff's address book.  Doc. 1-1 at 4.  Plaintiff appealed his grievance and received a similar response.  Id. at 11.  Plaintiff now files suit seeking compensation for the value of his address book and the materials contained therein.

Additionally, Plaintiff alleges Defendant Lt. Lewis and his subordinate officers deprived him of his blood pressure medication.  Id. at 3.  Plaintiff alleges officers confiscated his medication during the transfer to the other housing unit and did not provide him his medication when he asked for it.  Id.  Officers denied Plaintiff's request based on Defendant Lt. Lewis's orders.  Id.  Plaintiff was deprived of his medication for over a week, resulting in illness and shortness of breath.  Plaintiff eventually received medical treatment when Defendants checked his blood pressure and saw a reading of 206/99.  Id.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  Id.  The

pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.

## DISCUSSION

**I.      Plaintiff's Deprivation of Property Claims**

Plaintiff states Defendants failed to follow proper inventory procedures, resulting in the loss of his address book and legal documents. Doc. 1 at 2–4. Plaintiff's claim implicates his right to procedural due process. "The Due Process Clause protects against deprivations of 'life, liberty, or property without due process of law.'" Kirby v. Siegelman, 195 F.3d 1285, 1290 (11th Cir. 1999). An "action alleging a procedural due process clause violation requires proof of three elements: deprivation of a constitutionally protected liberty or property interest; state action; and constitutionally inadequate process." Doe v. Fla. Bar, 630 F.3d 1336, 1342 (11th Cir. 2011) (quoting Cryder v. Oxendine, 24 F.3d 175, 177 (11th Cir. 1994)). As to the third element, it is recognized "[d]ue process is a flexible concept that varies with the particular situation." Cryder v. Oxendine, 24 F.3d 175, 177 (11th Cir. 1994).

Moreover, determining whether due process is satisfied requires consideration of three distinct factors:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

Id. at 178 (quoting Mathews v. Eldridge, 424 U.S. 319, 335 (1976)).  However, even if a state actor has continued to wrongfully retain a person's personal property, "no procedural due process violation has occurred if a meaningful postdeprivation remedy for the loss is available." Case v. Eslinger, 555 F.3d 1317, 1331 (11th Cir. 2009) (quoting Lindsey v. Storey, 936 F.2d 554, 561 (11th Cir. 1991)).  "[T]he state's action is not complete until and unless it provides or refuses to provide a suitable postdeprivation remedy."  Hudson v. Palmer, 468 U.S. 517, 533 (1984).

As the alleged deprivation of Plaintiff's property occurred in Georgia, it is appropriate to consider the availability of a postdeprivation remedy under Georgia law.  Georgia law provides a postdeprivation remedy through an action for conversion of personal property, which "is a sufficient postdeprivation remedy when it extends to unauthorized seizures of personal property by state officers."  Case, 555 F.3d at 1331.  Plaintiff's property confiscation claim would, therefore, arise under O.C.G.A. § 51-10-1.  Lindsey, 936 F.2d at 561.  This statute provides that "[t]he owner of personalty is entitled to its possession," and "[a]ny deprivation of such possession is a tort for which an action lies."  O.C.G.A. § 51-10-1.  The Eleventh Circuit Court of Appeals has noted, "This statutory provision covers the unauthorized seizure of personal property by police officers.  Therefore, the state has provided an adequate postdeprivation remedy when a plaintiff claims that the state has retained his property without due process of

4

law." Lindsey, 936 F.2d at 561 (quoting Byrd v. Stewart, 811 F.2d 554, 555 n.1 (11th Cir. 1987)); see also Allen v. Peal, No. CV 312-007, 2012 WL 2872638, at *2–3 (S.D. Ga. June 18, 2012) (dismissing a due process claim for lost or seized personal property because O.C.G.A. § 51-10-1 provides an adequate postdeprivation remedy).

Consequently, Plaintiff's claim regarding the alleged confiscation or deprivation of his property comprises a matter for determination by the courts of the State of Georgia. Therefore, Plaintiff is not entitled to relief under Bivens on this claim. Accordingly, I **DISMISS** Plaintiff's deprivation of property claims.

## II.     Claims Against Defendant GEO Group and U.S. Immigration and Customs Enforcement

Plaintiff sues Defendant GEO Group for violations of his constitutional rights. Doc. 1. Plaintiff also seeks to add U.S. Immigration and Customs Enforcement ("ICE") as a Defendant. Doc. 7.

In Bivens, the United States Supreme Court "recognized for the first time an implied private action for damages against federal officers" for violations of certain constitutional rights. Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 66 (2001). A Bivens action is the federal counterpart of an action under 42 U.S.C. § 1983. An action for money damages may be brought against federal agents acting under the color of their authority for injuries caused by their unconstitutional conduct. Proof of causation between the official's conduct and the alleged injury is necessary for there to be liability. A plaintiff asserting a claim under Bivens must show the violation of a valid constitutional right by a person acting under color of federal law.

A Bivens action cannot be brought directly against the United States or against a federal agency. FDIC v. Meyer, 510 U.S. 471, 472 (1994). The proper defendants in a Bivens claim are the federal officers who allegedly violated the plaintiff's constitutional rights, not the federal

5

agency which employs the officers.  Id. at 485–86.  Here, Plaintiff seeks to bring claims against a federal agency, the Bureau of Immigration and Customs Enforcement, and a private corporation, GEO Group.  These Defendants are not federal officers and, therefore, are not subject to suit under Bivens.  See Bosfield v. Ard, Civil Action No. CV513-058, 2013 WL 5574458, *2 (S.D. Ga. Oct. 8, 2013) ("Proper defendants in a Bivens claim are the federal officers who allegedly violated the plaintiff's constitutional rights[.]").  Accordingly, I **DISMISS** Plaintiff's Bivens claim against Defendant GEO Group and **DENY** Plaintiff's Motion to add U.S. Immigration and Customs Enforcement as a party.

## CONCLUSION

For the foregoing reasons, I **DISMISS without prejudice** Plaintiff's Fifth Amendment and Fourteenth Amendment due process claims.  Additionally, I **DENY** Plaintiff's Motion to Add Party.  Doc. 7.  However, I **FIND** that one of Plaintiff's claims may proceed.  Specifically, the Court will direct service, by separate Order, of Plaintiff's Eighth Amendment deliberate indifference claim against Defendant Lt. Lewis.  Because the Court is directing service of Plaintiff's Complaint against one Defendant, I **DENY** Plaintiff's Motion Requesting Summonses.  Doc. 13.

**SO ORDERED**, this 2nd day of January, 2024.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA