IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| SUNDAY QUINCY USOH, | |
| Plaintiff, | CIVIL ACTION NO.: 5:23-cv-48 |
| v. | |
| LT. OTTO LEWIS, | |
| Defendant. | |

**O R D E R**

Defendant Lewis filed a Motion for Summary Judgment. Doc. 27. Plaintiff filed a Response, opposing Defendant's Motion. Doc. 33. Defendant filed a Reply. Doc. 35. For the following reasons, I **GRANT** Defendant's Motion for Summary Judgment, **DISMISS** Plaintiff's Complaint, and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

**BACKGROUND**

I.   **Plaintiff's Allegations and Procedural History**

Plaintiff filed this action under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Doc. 1. Plaintiff alleged that Defendants violated his constitutional rights while he was held as a detainee at the Folkston Immigration and Customs Enforcement ("ICE") Processing Center. Plaintiff alleged Defendants misplaced his address book and other personal property when transporting him to a different housing unit on April 26, 2023. Id. at 2–3. Plaintiff alleged Defendants did not follow the appropriate procedures for

inventory property check and either misplaced or threw away his address book, which contained financial and legal information. Id. at 4. Plaintiff filed a grievance requesting his property and received a response stating that Defendants were interviewed and did not have Plaintiff's address book. Doc. 1-1 at 4. Plaintiff then appealed his grievance and received a similar response. Id. at 11. Plaintiff requested compensation for the value of his address book and the materials contained therein. Id. at 13–14.

Plaintiff also alleged that Defendant Lewis and his subordinate officers deprived him of his blood pressure medication. Doc. 1 at 3. Plaintiff alleged that officers confiscated his medication during the transfer to another housing unit and did not provide him his medication when he asked for it. Id. Plaintiff alleged that officers denied his request based on Defendant Lewis's orders. Id. Plaintiff was deprived of his medication for over a week, resulting in illness and shortness of breath. Plaintiff eventually received medical treatment when Defendants checked his blood pressure and saw a reading of 206/99. Id. at 3–4.

After frivolity review of Plaintiff's Complaint, the Court dismissed Plaintiff's deprivation of property claims and all claims against Defendants GEO Group and U.S. Immigration and Customs Enforcement. Doc. 16. The Court allowed Plaintiff's deliberate indifference claim against Defendant Lewis to proceed. Doc. 17.

Defendant Lewis filed this Motion for Summary Judgment. Doc. 27. In his Motion, Defendant Lewis argues that Plaintiff cannot recover on his claim because Defendant Lewis did not deliberately disregard any risk to Plaintiff's health or safety. Doc. 27-1 at 5. Defendant Lewis also argues Plaintiff did not suffer a serious medical need. Id. at 5–6.

Plaintiff filed a Response. Doc. 33. Plaintiff argues that Defendant Lewis did not transfer Plaintiff's medicine bag to the medical department. Id. at 2. Plaintiff relies on

conversations with other medical staff to support his argument. Id. Plaintiff argues he was missing medications and experienced serious health issues as a result of Defendant's actions. Id. Plaintiff states that the lieutenant on duty informed Plaintiff that he found Plaintiff's medicine bag in a confiscation safe in the lieutenants' office on the day of Plaintiff's transfer. Id. at 3. Plaintiff also states he reported the incident to an ICE field officer, Mr. Lynch. Id. Plaintiff contends he was transferred to a different facility to cover up Defendant's actions. Id.

## II.    Material Facts

It is important to note at the outset that specific factual allegations in a sworn complaint must be considered for the purposes of summary judgment. Sconiers v. Lockhart, 946 F.3d 1256, 1262 (11th Cir. 2020); see also Burke v. Bowns, 653 F. App'x 683, 695 (11th Cir. 2016) ("We also credit the specific facts pled in [a plaintiff's] sworn complaint when considering his opposition to summary judgment.") (quoting Caldwell v. Warden, FCI Talladega, 748 F.3d 1090, 1098 (11th Cir. 2014)). Plaintiff submitted a sworn Complaint, which I will consider in opposition to Defendant's Motion. Plaintiff's allegations are summarized in the background section above and incorporated in the following undisputed, material facts.

Defendant submitted a Statement of Material Facts ("Defendant's SMF") in support of his Motion for Summary Judgment, in accordance with the Federal Rule of Civil Procedure 56 and Local Rule 56.1. Doc. 27-1 at 2–4. Defendant's SMF is supported by: investigative reports, incident notices, disciplinary committee reports, disciplinary orders, witness statements, disciplinary segregation reviews, and confinement records from Folkston ICE Processing Center, doc. 27-3; Defendant Lewis's sworn declaration, doc. 27-4; and Folkston Facility Administrator, Michael Breckon's, sworn declaration, doc. 35-1. Plaintiff briefly responded to Defendant's SMF, challenging the relevance of Defendant's attached exhibits. Doc. 33 at 1–2. However,

when considering the record at summary judgment, "all justifiable inferences are to be drawn" in favor of the non-movant.  Shaw v. City of Selma, 884 F.3d 1093, 1098 (11th Cir. 2018) (internal quotations omitted) (quoting Tolan v. Cotton, 572 U.S. 651 (2014)).  Thus, the Court identifies the following material facts for the purposes of evaluating Defendant's Motion for Summary Judgment.  Where a fact is disputed, I highlight the dispute.

Plaintiff was a detainee at Folkston ICE Processing Center ("Folkston").  Doc. 27-1 at 2–4.  Defendant Lewis was a supervisor at Folkston.  Doc. 27-4.  On April 25, 2023, Plaintiff was involved in a verbal altercation with an officer, Dominique Hughes.  Doc. 27-3 at 13.  Another officer, T. Glenn, investigated the incident and prepared a report.  Id. at 14.  Plaintiff admitted to raising his voice during the altercation.  Id.  As a result of the incident, Plaintiff was charged with threatening staff and was placed in disciplinary segregation from April 26, 2023 to May 19, 2023.  Id. at 15–20.

Plaintiff's pending claim concerns his time in disciplinary segregation.  During that time, Plaintiff alleges in his sworn Complaint that officers confiscated his blood pressure medication during his transfer to disciplinary segregation.  Doc. 1 at 3.  Plaintiff alleges that he asked two officers (Regdon and Hasson) to return the medications, but Defendant Lewis ordered subordinates to not return the medications.  Id.  Plaintiff does not state that he had first-hand knowledge of Defendant Lewis's order; Plaintiff states only that Defendant Lewis gave the order.  Id.  Plaintiff alleges that he did not receive his blood pressure medication for over a week. Id.  As a result, Plaintiff states he was sick, started shaking, and experienced shortness of breath. Id.  Plaintiff had a blood pressure reading of 206/99 and was taken to the medical team for evaluation.  Id. at 4.  Plaintiff indicates that officers gave him his medications once he became

sick.  Id. at 3 ("They have his (Petitioner) medications for over a week before they brought it back and the reasons was that Petitioner was sick . . . .").

      Defendant relies on the following relevant facts, which are supported by evidence in the record, including Defendant Lewis's declaration.  Docs. 27-2 to 27-5.  "On April 27, 2023, when Usoh was transferred to segregation, Lt. Lewis transferred Usoh's medication bag to the Medical Department ("Medical") so Usoh could receive his prescribed medication while in segregation."  Doc. 27-1 at 3.  Defendant states this practice was "[p]ursuant to protocol," though he does not point to any specific rule, regulation, or written guidance.  Id.  Defendant states that later that same day, another officer asked Defendant about the whereabouts of Plaintiff's medication bag, and Defendant told this officer that the bag was in the possession of the Medical Department.  Id.  Defendant states that he did not at any time refuse to give Plaintiff his medication bag and does not recall Plaintiff ever complaining about his medication.  Id. at 4.  Defendant also states that Folkston staff performed daily medical checks on Plaintiff between April 26, 2023 and May 6, 2023.  Id. at 11–12.  Folkston staff performed administrative checks on Plaintiff on April 27, April 29, May 3, May 10, and May 17, 2023.  Id.  Plaintiff did not report any missing medications or health issues during these medical checks.  Doc. 35-1.

      Plaintiff filed a Response to Defendant's Motion for Summary Judgment.  Doc. 33.  Plaintiff attached several documents to his Response, but those documents are not germane to the whereabouts of his medication bag or Defendant Lewis's actions.  Doc. 33 at 5–105.  Most of Plaintiff's documents concern the existence or severity of his various medication conditions.  Id.  Plaintiff made several factual assertions about the medication bag and Defendant Lewis's actions in his Response under the heading "Argument," but Plaintiff did not make those allegations under oath, provide a declaration or affidavit, or offer any other support for the allegations.  Id. at

2–3. Moreover, Plaintiff also did not directly respond to Defendant's statement of fact. Under the Court's Local Rule 56.1, the uncontroverted facts are deemed admitted. As a result, the Court cannot consider most of Plaintiff's allegations for the purposes of resolving Defendant's Motion. Even so, the Court summarizes Plaintiff's unsupported factual allegations in his Response.

In his Response, Plaintiff contends that Defendant did not transfer Plaintiff's medication bag to the Medical Department. Doc. 33 at 2. Plaintiff does not cite to any evidence in the record to support this contention. Instead, Plaintiff suggests that if Defendant had transferred the medication bag to the Medical Department, there would be some proof that someone in the Medical Department received and signed for the bag and that Defendant would have submitted that proof to the Court. Id. Plaintiff also states that he spoke to several "medical staffs," who Plaintiff identifies by name, and they all said they did not receive Plaintiff's medication bag from Defendant Lewis. Id. Plaintiff also contends that he asked Defendant Lewis directly about his medication bag, and Defendant responded, "You are stupid." Id. Plaintiff does not offer any support for this contention and does not say when the conversation occurred, though Plaintiff contends an "Officer Johnson" witnessed the conversation. Plaintiff further contends that he did report that he did not have his medications while in segregation to medical personnel (Mr. John Louis and Mrs. Walkins). Id.

Plaintiff also contends that he did eventually receive his medication bag, but not until several months later, on November 2, 2024, when he was transferred from one housing unit to another. Id. Plaintiff contends that on that date, a lieutenant on duty provided Plaintiff with certain property, including Plaintiff's medication bag. Plaintiff says he asked the officer where he (the officer) had located the bag, and the officer responded that the bag was in "the

confiscation safe in the Lieutenants office." Id. at 3.  Plaintiff contends this shows Defendant Lewis never actually provided the medication bag to the Medical Department.  Id.

In his Reply, Defendant argues that the Court cannot consider Plaintiff's unsupported factual allegations.  Doc. 35.  Defendant also argues that the Court should not give much or any consideration to a medical chart Plaintiff provided with his Response to show that his (Plaintiff's) high blood pressure was a serious health condition.  Id. at 3.  Defendant argues the chart is unauthenticated and concerns unrelated emergency medical care Plaintiff received for leg pain months before Plaintiff was placed in disciplinary segregation.

## LEGAL STANDARD

Summary judgment "shall" be granted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  However, there must exist a conflict in substantial evidence to pose a jury question."  Hall v. Sunjoy Indus. Grp., Inc., 764 F. Supp. 2d 1297, 1301 (M.D. Fla. 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989)).  "If the evidence [produced by the non-moving party] is merely colorable or is not significantly probative summary judgment must be granted. Anderson, 477 U.S. at 249 (citations omitted).

The moving party bears the burden of establishing there is no genuine dispute as to any material fact and he is entitled to judgment as a matter of law.  See Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003).  Specifically, the moving party must identify the portions of the record that establish there are no "genuine dispute[s] as to any

material fact and the movant is entitled to judgment as a matter of law." Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011).  When the non-moving party would have the burden of proof at trial, the moving party may discharge his burden by showing the record lacks evidence to support the non-moving party's case or the nonmoving party would be unable to prove his case at trial.  See id. (citing Celotex v. Catrett, 477 U.S. 317, 322–23 (1986)).  In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences which can be drawn from the record in a light most favorable to the non-moving party.  Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee County, 630 F.3d 1346, 1353 (11th Cir. 2011).

**DISCUSSION**

Defendant argues he is entitled to summary judgment on Plaintiff's deliberate indifference to a serious medical need claim.  Defendant contends he did not deliberately disregard any risk to Plaintiff's health or safety.  Defendant also contends Plaintiff did not suffer a serious medical need.  Doc. 27-1 at 5–6.

**I.      Deliberate Indifference Legal Standard**

To prove a claim of deliberate indifference to medical needs, a plaintiff must show: (1) an objectively serious medical need; and (2) that the defendant acted with deliberate indifference to that need.  Collins v. Ferrell, No. 21-14027, 2024 WL 4677418, at *3 (11th Cir. Nov. 5, 2024) (quoting Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004)).  A serious medical need "is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. (quoting Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007)).

The second element—the defendant's deliberate indifference—requires a showing of a "sufficiently culpable state of mind." Id. (quoting Wade v. McDade, 106 F.4th 1251, 1262 (11th

8

Cir. 2024)). To show deliberate indifference, the plaintiff must show the defendant: (i) had subjective knowledge of a risk of serious harm; (ii) disregarded that risk; and (iii) acted with "subjective recklessness as used in criminal law." Id. However, even if the defendant knew of a substantial risk to a plaintiff's health or safety, the defendant will not be liable if he "responded reasonably to the risk." Id. Whether a defendant "responded reasonably" is assessed on an objective basis. Wade, 106 F.4th at 1262 (Jordan, J. concurring).

## II. Defendant Has Not Shown That There Is No Dispute of Material Fact on the First Element of Deliberate Indifference

Defendant argues that Plaintiff did not suffer a serious medical need. Doc. 27-1 at 5–6. Defendant argues that Plaintiff received medical checks every day and made no complaints of blood pressure issues. Id. Defendant also contends Plaintiff has not shown he suffered adverse consequences from his lack of medication. Id. Defendant argues that Plaintiff has not shown his blood pressure reading was elevated above normal limits or that it was linked to a lack of medication. Id. at 6. Defendant also argues Plaintiff's medical records are not authenticated and they are inadmissible. Doc. 35 at 3.

Plaintiff argues he has serious health issues. Doc. 33 at 2. Plaintiff contends he has serious medical issues that require him to take prescription medication every morning for high blood pressure as well as other conditions. Id. at 3. Plaintiff attached medical records from hospital visits to support his contentions. Id. at 5–105.

There is a genuine dispute of material fact as to whether Plaintiff had a serious medical need. In his sworn Complaint, Plaintiff alleges he has a history of high blood pressure and is required to take medication every morning. Doc. 1 at 3. Plaintiff states that when he did not receive his blood pressure medication, he got sick, started shaking, and had shortness of breath. Plaintiff states he had a blood pressure of 206/99 during this incident. Id. at 4. Plaintiff's

9

medical records also show a medical history of hypertension and a prescription for daily hypertension medication. Doc. 33 at 10–11. High blood pressure can constitute a serious medical need. See Benton v. Torres-Gonzalez, No. 4:11CV254, 2013 WL 791013, at *5 (N.D. Fla. Feb. 11, 2013) ("The need to treat high blood pressure is obvious even to a lay person."); and Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000) (stating a serious medical need is "one that, if left unattended, poses a substantial risk of serious harm" (quotation omitted)). The evidence shows Plaintiff has a history of high blood pressure requiring daily medication.[1] Plaintiff's high blood pressure could, potentially, constitute a serious medical need that posed a risk of serious harm if unattended.

Defendant has not shown there is no genuine dispute of material fact relating to Plaintiff's serious medical need. Therefore, Defendant fails to meet his burden on the first element of deliberate indifference.

### III. Defendant Has Shown That There Is No Dispute of Material Fact on the Second Element of Deliberate Indifference

Defendant Lewis argues that he is entitled to summary judgment because the undisputed material facts show that his conduct did not constitute deliberate indifference to Plaintiff's

---

[1] Defendant argues the Court should not consider the medical records because they have not been properly authenticated. That argument is unconvincing. Generally, at the summary judgment stage, evidence does not have to be authenticated. See Patterson v. City of Melbourne, 669 F. Supp. 3d 1204, 1217 (M.D. Fla. 2023). Defendant has not shown that Plaintiff's medical records could not be presented in admissible form at trial. Indeed, Defendant does not dispute the authenticity of the documents; Defendant merely contends that Plaintiff has not properly authenticated the documents. See Abbott v. Elwood Staffing Servs., Inc., 44 F. Supp. 3d 1125, 1134 (N.D. Ala. 2014) ("[T]he objection contemplated by the amended Rule is not that the material 'has not' been submitted in admissible form, but that it 'cannot' be."). Thus, the Court considers the medical records. Additionally, the Court considers the potential diminished probative value of the records, given that some of the records are from months before the conduct alleged in this case. But even so, the records do not lack all probative value, and there is no reason to believe Plaintiff ceased suffering from hypertension before being placed in disciplinary segregation.

serious medical needs.  Doc. 27-1 at 5.  Defendant contends that Plaintiff received appropriate medical care through daily medical checks while housed in the segregation unit.  Id.

Plaintiff alleges Defendant Lewis was deliberately indifferent to Plaintiff's medical needs because Defendant deprived Plaintiff of his medicine bag when Plaintiff was transferred to segregation.  Doc. 33 at 2–3.  Plaintiff states he has serious health issues and is required to take daily medications.  Id.  In Plaintiff's Complaint, he alleged that Defendant deprived him of blood pressure medication for over a week, resulting in illness and high blood pressure.  Doc. 1 at 3.

As noted above, to prove his claim of deliberate indifference, Plaintiff will need to show that Defendant (i) had subjective knowledge of a risk of serious harm; (ii) disregarded that risk; and (iii) acted with "subjective recklessness as used in criminal law."  Collins, 2024 WL 4677418, at *3.  However, even if Defendant Lewis knew of a substantial risk to Plaintiff's health, Defendant will not be liable if he "responded reasonably to the risk."  Id.  Therefore, in order to obtain summary judgment, Defendant must demonstrate that there is no genuine dispute as to any material fact and he is entitled to judgment as a matter of law, which he can do by identifying the portions of the record that establish there are no genuine disputes of material fact or by showing that the record lacks evidence to support Plaintiff's ability to prove the second element of his deliberating indifference claim.

Defendant has successfully carried his burden.  The undisputed evidence in the record demonstrates that Defendant Lewis provided Plaintiff's medication bag to the Medical Department according to "protocol" when Plaintiff was transferred to disciplinary segregation. Plaintiff contends in his Complaint that "officers," not Defendant, confiscated his medication bag at the time of his transfer.  Doc. 1 at 3.  Plaintiff then contends that he asked two officers (Regdon and Hasson) to return the medications, but Defendant Lewis ordered subordinates to not

return the medications. Id. But Plaintiff fails to show he had any first-hand knowledge of Defendant Lewis's orders, and Plaintiff does not allege officers Regdon or Hasson stated that Defendant Lewis gave such orders.

Additionally, there is undisputed evidence that Defendant transferred Plaintiff's medication bag to the Medical Department. Defendant Lewis provided a declaration stating that he transferred the medication bag to the Medical Department. Doc. 27-4. In his Response to Defendant's Motion for Summary Judgment, Plaintiff attempts to dispute Defendant Lewis's factual testimony, but Plaintiff fails to offer any evidentiary support that would create a genuine issue of material fact. Plaintiff contends that if Defendant Lewis had given the medication bag to the Medical Department, then there would be evidence showing that someone received and signed for the medication bag. Doc. 33 at 2. Plaintiff's contention demonstrates that he has no evidence that Defendant Lewis did not transfer the medication bag. Plaintiff merely contends that Defendant could provide additional evidence of a transfer, but Plaintiff does not show that he (Plaintiff) has any of his own evidence that the transfer did not occur.[2]

---

[2] Plaintiff offers other contentions in his Response that support his assertion that the transfer did not occur, such as purported statements by medical personnel that they never received the medication bag from Defendant Lewis, and Plaintiff's claim that in November 2023 he did receive the medication bag from the lieutenant on duty, and that individual said the bag was in the confiscation safe. But none of those statements were made under oath or are supported by any evidence. Thus, the Court cannot consider those factual allegations in resolving Defendant's Motion for Summary Judgment. The Court acknowledges that Plaintiff is proceeding pro se and is entitled to certain latitude, including liberal construction of pleadings. That pro se status does not, however, excuse Plaintiff from complying with the Federal Rules of Civil Procedure and the Local Rules of this Court. See Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) ("Although we are to give liberal construction to the pleadings of pro se litigants, 'we nevertheless have required them to conform to procedural rules.'"). Plaintiff's failure to support his important factual allegations with citations to the record is no minor, technical failure—it is a failure to meet the core requirements of Federal Rule of Civil Procedure 56 and this Court's Local Rule 56.1. Ultimately, this failure is fatal to Plaintiff's opposition to Defendant's Motion.

It is also undisputed that the Medical Department made regular checks on Plaintiff during his time in disciplinary segregation and that medical personnel did not receive identify any specific concerns from Plaintiff about his high blood pressure or lack of medicine. Therefore, the undisputed evidence in the record shows that Defendant Lewis transferred Plaintiff's medication bag to the Medical Department, in keeping with protocol, and the Medical Department conducted regular checks on Plaintiff while he was in disciplinary segregation.

On this record, I find that Defendant has met his burden. Defendant has established that the undisputed material facts show that Defendant did not disregard any risk of serious medical harm to Plaintiff and that Defendant did not act with "subjective recklessness as used in criminal law." Instead, the record shows that Defendant followed protocol and provided Plaintiff's medication bag to the Medical Department, and medical personnel subsequently performed regular checks on Plaintiff during his time in disciplinary segregation. Furthermore, even if Defendant knew of a substantial risk to Plaintiff's health, the undisputed material facts show that Defendant he "responded reasonably to the risk" by providing Plaintiff's medication bag to the Medical Department when Plaintiff was transferred to disciplinary segregation.

In sum, I find that Defendant has carried his burden in demonstrating he is entitled to summary judgment on Plaintiff's deliberate indifference claim. Defendant has shown there is no genuine dispute of material fact regarding the second element of Plaintiff's deliberate indifference claim and, under the undisputed material facts, Defendant is entitled to judgment as a matter of law on that claim. Accordingly, I **GRANT** Defendant's Motion for Summary Judgment.

## CONCLUSION

For the foregoing reasons, I **GRANT** Defendant's Motion for Summary Judgment, **DISMISS** Plaintiff's Complaint, and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

**SO ORDERED**, this 15th day of September, 2025.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA